IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY HALLETT,

      Plaintiff,                      No. CIV 12-622 MCE EFB PS

    vs.

SACRAMENTO COUNTY,

      Defendant.                 <u>ORDER</u>

                              /

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* Dckt. No. 2. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

       Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

It is unclear from plaintiff's complaint whether this court has subject matter jurisdiction over plaintiff's claim(s), since the complaint does not allege diversity of the parties and it is unclear how the facts alleged in the complaint would give rise to a federal claim. Plaintiff's complaint appears to be alleging that a librarian working at the Sylvan Oaks Library in Citrus Heights stole his laptop computer in August 2011. Dckt. No. 1, Compl., ¶ 13. Therefore, he seeks to recover the value of the laptop (including its software, etc.) or, in the alternative, seeks "an order allowing plaintiff along with the Citrus Heights Police Department to physically enter the home of the white female Sacramento County librarian . . . and recover plaintiff's stolen computer." *Id.* at 4. Plaintiff's civil cover sheet describes this action as one for "Recovery of Overpayment of Veteran's Benefits" and for "Theft of Plaintiff's Computer by a Sacramento County Employee." Dckt. No. 1-1.

Plaintiff's complaint alleges that this court has subject matter jurisdiction because food stamps were stolen from plaintiff in June 2010 and the laptop computer that was stolen contained the cell phone number of the person who stole plaintiff's food stamps. Compl. ¶ 7. However, those allegations do not create federal question jurisdiction.

To the extent plaintiff's claim against defendant Sacramento County is brought under 42 U.S.C. § 1983, that claim should be dismissed. To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation

3

was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff's complaint fails to allege that the librarian was a state actor or was otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)). Furthermore, plaintiff fails to identify the constitutional rights that the librarian and/or the County of Sacramento allegedly violated, nor does he explain how the librarian's actions resulted in the deprivation of any constitutional right.

Additionally, the only defendant plaintiff names is the County of Sacramento. However, in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that although municipalities may be held liable as "persons" under 42 U.S.C. § 1983, they may not be held liable for the unconstitutional acts of its employees solely on a respondeat superior theory. 436 U.S. at 691. Rather, the Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Plaintiff's complaint does not include any allegations that would support *Monell* liability for the County of Sacramento.

Therefore, the complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint, if he allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against

1  defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended
2  complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as
3  practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure
4  10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as
5  required by Eastern District of California Local Rules 130(b) and 130(c). Any amended
6  complaint shall also use clear headings to delineate each claim alleged and against which
7  defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear
8  facts that support each claim under each header.
9       Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
10 make an amended complaint complete. Local Rule 220 requires that an amended complaint be
11 complete in itself. This is because, as a general rule, an amended complaint supersedes the
12 original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once
13 plaintiff files an amended complaint, the original no longer serves any function in the case.
14 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
15 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
16 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.
17 Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to
18 comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
19 may result in a recommendation that this action be dismissed. *See* Local Rule 110.
20       Accordingly, IT IS ORDERED that:
21       1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.
22       2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.
23       3. Plaintiff is granted thirty days from the date of service of this order to file an amended
24 complaint. The amended complaint must bear the docket number assigned to this case and must
25 ////
26 ////

1  be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance
2  with this order will result in a recommendation this action be dismissed.
3  DATED: April 19, 2012.

              _____
              EDMUND F. BRENNAN
              UNITED STATES MAGISTRATE JUDGE