IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY HALLETT,

        Plaintiff,                No. 2:12-cv-622-MCE-EFB PS

    vs.

SACRAMENTO COUNTY,

        Defendant.             FINDINGS AND RECOMMENDATIONS

_____/

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On April 19, 2012, 2011, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Dckt. No. 3. The court noted that "[i]t is unclear from plaintiff's complaint whether this court has subject matter jurisdiction over plaintiff's claim(s), since the complaint does not allege diversity of the parties and it is unclear how the facts alleged in the complaint would give rise to a federal claim." *Id.* at 3. The court explained that to the extent plaintiff's claim against defendant Sacramento County is brought under 42 U.S.C. § 1983, that claim must be dismissed because plaintiff failed to allege that the librarian he contends stole his laptop computer is a state actor, failed to identify the constitutional rights that the librarian and/or the

1

County of Sacramento allegedly violated, and failed to explain how the librarian's actions resulted in the deprivation of any constitutional right. *Id.* at 3-4. The court also noted that the only named defendant was the County of Sacramento and the complaint did not include any allegations that would support *Monell* liability for the County of Sacramento. *Id.* at 4. Therefore, the complaint was dismissed and plaintiff was granted leave to amend if he could "allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory." Dckt. No. 3 at 4.

On May 17, 2012, plaintiff filed an amended complaint. Dckt. No. 4. The amended complaint, which once again only names the County of Sacramento as a defendant, alleges very similar facts as those in the original complaint. Dckt. No. 4. Specifically, the amended complaint once again appears to allege that a librarian working at the Sylvan Oaks Library in Citrus Heights stole his laptop computer in August 2011, and seeks to recover the value of the laptop (including its software, etc.) or, in the alternative, seeks "an order allowing plaintiff along with the Citrus Heights Police Department to physically enter the home of the white female Sacramento County librarian . . . and recover plaintiff's stolen computer." Dckt. No. 4, First Am. Compl., at 4, 9.

The amended complaint does not cure the defects of the original complaint. As noted in the April 19, 2012 order, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either

2

on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

////

1    Here, plaintiff's amended complaint alleges that this court has subject matter jurisdiction
2 because plaintiff was taking a book camp fitness course from an instructor at Sacramento City
3 College and that the librarian violated plaintiff's civil rights to keep records of the exercises
4 plaintiff had performed by stealing plaintiff's computer.  First Am. Compl. ¶ 16.  However, those
5 allegations do not create federal question jurisdiction.

6    As previously explained, to the extent plaintiff's claim against defendant Sacramento
7 County is brought under 42 U.S.C. § 1983, that claim must be dismissed.  To state a claim under
8 § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and
9 (2) that the violation was committed by a person acting under the color of state law.  *See West v.*
10 *Atkins*, 487 U.S. 42, 48 (1988).  Here, plaintiff's amended complaint once again fails to allege
11 that the librarian was a state actor or was otherwise acting under color of law.  *See Sutton v.*
12 *Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a
13 constitutional deprivation under § 1983 must be a person who may fairly be said to be a
14 governmental actor) (citation and quotations omitted).  Section "1983 excludes from its reach
15 merely private conduct, no matter how discriminatory or wrong."  *Id.*  (citing *Am. Mfrs. Mut. Ins.*
16 *Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).
17 Furthermore, plaintiff again fails to identify the constitutional rights that the librarian and/or the
18 County of Sacramento allegedly violated, nor does plaintiff explain how the librarian's actions
19 resulted in the deprivation of any constitutional right even assuming the acts were performed
20 under color of state law.

21    Additionally, once again, the only defendant plaintiff names is the County of Sacramento.
22 However, as explained before, the Supreme Court held in *Monell v. Dep't of Soc. Servs.*, 436
23 U.S. 658 (1978) that although municipalities may be held liable as "persons" under 42 U.S.C.
24 § 1983, they may not be held liable for the unconstitutional acts of its employees solely on a
25 respondeat superior theory.  436 U.S. at 691.  Rather, the Supreme Court has "required a plaintiff
26 seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or

4

1  'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403
2  (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986);
3  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Plaintiff's amended complaint does not
4  include any allegations that would support *Monell* liability for the County of Sacramento.

Because plaintiff's amended complaint does not allege any cognizable legal theory against the named defendant or a basis for this court's jurisdiction, and it appears amendment would be futile, the amended complaint should be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed without leave to amend; and
2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5